J-A14012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY ALLEN HALL | : | |
| | : | |
| Appellant | : | No. 894 WDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001195-2016

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED: JUNE 25, 2021**

Gary Allen Hall (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On May 10, 2017, a jury convicted Appellant of two counts of possessing a controlled substance with the intent to deliver (PWID) (cocaine and heroin), and one count each of possession of cocaine, possession of heroin, and possession of drug paraphernalia. 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32). On June 21, 2017, the trial court sentenced Appellant to an aggregate 87 to 300 months in prison. Appellant filed a direct appeal. In affirming the trial court, this Court recited the underlying facts:

> In May 2015, Agent David Sedon of the Pennsylvania Board of Probation and Parole received a tip from a former parolee that Louis Vearnon was residing with Hall at 2011 Main Street in Aliquippa. Vearnon was the subject of multiple outstanding arrest

warrants. [Appellant] rented a one-bedroom apartment at 2011 Main Street.

Agent Sedon contacted Agent Daniel Opsatnik of the Pennsylvania Attorney General's Office, and Agent Opsatnik went to the residence and observed Vearnon leave the property and reenter. Agents Opsatnik and Sedon received backup from Aliquippa police officers and Probation and Parole agents. The team formed a perimeter around the building, and police knocked on the door. They could hear voices and the sounds of people moving around inside. No one answered the door until five to six minutes later, when Vearnon and four other people, one of whom was [Appellant], appeared in the doorway. Law enforcement escorted them onto the front lawn and arrested Vearnon.

While outside the apartment, Police Captain Ryan Pudik saw a box of ammunition on a coffee table inside the apartment. Captain Pudik identified the ammunition as 5.7 caliber, which he knows to be "armor defeating." N.T. Suppression, 2/7/17, at 19. He and other officers entered the building and conducted a sweep of the home to make sure that there was nobody hidden inside. *Id.* at 20; *see also* 13-14. The sweep "took approximately 30 to 40 seconds" and "began immediately after the occupants exited the apartment." Suppression Court Opinion and Order, filed March 9, 2017, at 3. The officers did not look in any small containers. N.T. Suppression, 2/7/17, at 21-22. During the sweep, Captain Pudik observed in plain sight in the living room small glassine packets, or "stamp bags," and a cutting agent, benzocaine hydrochloride. Suppression Ct. Op. at 3. He also saw what he believed to be a bundle of stamp bags in the bedroom.

Based on the items observed in plain sight during the sweep, the police obtained a search warrant for the apartment. They then searched the home and recovered roughly 50 grams of cocaine and more than 20 bricks of heroin. They found the majority of the drugs in the living room, inside the coffee table and behind a large couch. The police also recovered the items that Captain Pudik had seen during the sweep – the 5.7-caliber ammunition, bottle of benzocaine hydrochloride, and stamp bags – as well as a large amount of additional evidence – digital scales, several cell phones, a glass pipe, a counterweight, a bottle of lidocaine, over $700 cash, a money-counting machine, numerous collectable coins, gold, and silver. They also found a rent receipt issued to [Appellant] for 2011 Main Street, as well as numerous other

documents bearing [Appellant]'s name: a vehicle registration, a bank statement, a lottery claim form, a check, and a tax statement. They did not find anything indicating anyone other than [Appellant] lived in the apartment.

Some of the items police recovered referred to [Appellant]'s other residence, 217 Highland Avenue, and police obtained a warrant to search that address. Upon its execution, officers recovered additional ammunition and heroin.

The trial court denied [Appellant]'s suppression motion and he proceeded to a jury trial at which the Commonwealth presented as evidence the items recovered during the search of 2011 Main Street. However, they did not introduce any items seized from 217 Highland Avenue. *See* N.T. Trial, 5/8/17, at 74-76, 80-103, 108-09.

After the close of evidence, the court held a charging conference at which [Appellant] objected to a jury instruction on joint possession. N.T. Trial, 5/9/17, at 150. [Appellant] argued that because the Commonwealth did not charge any of the other individuals present in 2011 Main Street with possession crimes, it was improper to instruct the jury that it could conclude that [Appellant] jointly possessed the contraband with another person. The trial court overruled the objection and gave the instruction.

The jury convicted [Appellant] of the above charges, and the trial court later sentenced him to a total of 87 to 300 months in prison. [Appellant] filed a post-sentence motion challenging, among other things, the weight of the evidence, and it was denied by operation of law.

*Commonwealth v. Hall*, 199 A.3d 954, 957–58 (Pa. Super. 2018) (finding no merit to Appellant's suppression, sufficiency, weight and jury instruction issues). This Court affirmed Appellant's judgment of sentence on November 28, 2018. Appellant sought review with the Pennsylvania Supreme Court, which denied his petition for allowance of appeal on April 17, 2019. *Commonwealth v. Hall*, 206 A.3d 1028 (Pa. 2019) (Table).

Appellant filed his timely *pro se* PCRA petition on September 18, 2019; the next day, the court appointed Sherri Hurst, Esquire to represent Appellant. On June 8, 2020, Attorney Hurst filed a **Turner/Finley**[1] "no-merit" letter and petition to withdraw from representation. On June 22, 2020, the PCRA court entered an order contemporaneously granting counsel's petition to withdraw, and issuing notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The order stated it was being mailed to Appellant by certified mail, return receipt requested, and Appellant had until July 15, 2020 to file a response. Order, 6/22/20, at 2. Appellant did not respond by July 15th, and on July 16, 2020, the PCRA court dismissed the petition without a hearing, "after conducting an independent review of the record and concluding [Appellant's] PCRA petition has no merit, and that no purpose would be served by proceeding with an evidentiary hearing." Order, 7/16/20. Appellant filed a notice of appeal.[2] Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Although Appellant's *pro se* notice of appeal was docketed approximately a week late on August 24, 2020, the Commonwealth does not challenge the timeliness of the appeal, implicitly agreeing with the PCRA court's assessment that the appeal "is timely under the 'prisoner mailbox rule'" because it was mailed on August 17, 2020. **See** PCRA Court Opinion, 9/17/20, at 10 (citing **Commonwealth v. Jones**, 700 A.2d 423, 326 (Pa. 2007) (appeal by *pro se* prisoner deemed filed on date prisoner deposits it with prison authorities or places in prison mailbox)); **see also** Commonwealth Brief at 8.

Appellant presents two questions for review:

A. WHETHER APPELLANT'S PCRA ATTORNEY SHERRI R. HURST, ESQ RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FILING A DEFICIENT NO-MERIT [*sic*] BY FAILING TO ADDRESS ALL APPELLANT'S ISSUES AND FOR HER FAILURE TO HELP HIM DEVELOP VIABLE CLAIMS?

B. WHETHER JUDGE KIM TESLA ABUSED HIS DISCRETION BY FAILING TO GRANT APPELLANT AN ENLARGEMENT OF TIME TO RESPOND TO THE COURT'S NOTICE OF INTENT TO DISMISS UNDER RULE 907?

Appellant's Brief at 7, 15.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first issue, Appellant claims his post-conviction counsel, Attorney Hurst, was ineffective. He asserts Attorney Hurst erred by "failing to help him develop a claim against his trial attorney, Stephen D. Colafella for his failure

to move for suppression on grounds of illegal search[.]"[3]  Appellant's Brief at 7.

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel.  42 Pa.C.S.A. § 9543(a)(2)(ii).  "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice."  *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).  "A petitioner must prove all three factors of the '*Pierce* test,' or the claim fails."  *Id.*  Put differently, "[t]he burden of proving ineffectiveness rests with Appellant."  *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

However, where an appellant claims ineffective assistance of PCRA counsel who has filed a *Turner*/*Finley* brief and been granted leave to withdraw from representation by the PCRA court, we must first determine if we are permitted to reach the claim before we may address it.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1186 (Pa. Super. 2012).  A petitioner waives the issue of PCRA counsel's ineffectiveness related to *Turner/Finley* requirements if he declines to respond to the PCRA court's

---

[3] Contrary to Appellant's claim, trial counsel sought suppression, although counsel was unsuccessful and the suppression court's denial of the motion was affirmed on appeal.  *Commonwealth v. Hall*, 199 A.3d 954 (Pa. Super. 2018).

notice of intent to dismiss. ***Id.*** (citing ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009)). Our Supreme Court explained:

> Although [appellant] asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, **he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so**. Thus, the issue of whether PCRA counsel was ineffective . . . was waived, and the Superior Court should not have addressed it.

***Pitts***, 981 A.2d at 880 n.4 (emphasis added).

Appellant in this case, like the appellant in ***Pitts***, did not file a response to the PCRA court's Rule 907 notice. The Commonwealth states that "Appellant never filed any response within the time frame." Commonwealth Brief at 20 (footnote omitted). Moreover, the PCRA court explained:

> The order [granting counsel's request to withdraw and issuing Rule 907 notice of intent to dismiss] was mailed to [Appellant] as specified by Pa.R.Crim.P. 907(4). . . . The notice of appeal was the first filing received from [Appellant] since his *pro se* petition; the Clerk of Courts' file does not contain any other submission from [Appellant], nor was one sent to the [PCRA c]ourt in chambers.

PCRA Court Opinion, 9/17/20, at 10.

As our review confirms Appellant failed to respond to the PCRA court's Rule 907 notice, this issue is waived and we may not address Appellant's claim of PCRA counsel's ineffectiveness further. ***Pitts***, ***supra***.

In his second issue, Appellant asserts the PCRA court "abused its discretion by denying Appellant an extension of time to respond to his notice

of intention to dismiss filed pursuant to Pa.R.Crim.P. 907." Appellant's Brief at 15. Appellant states that as a result of Covid-19, "SCI-Albion has been operating at limited movement" and "inmates are not granted access to the law library as they once were." *Id.* The remainder of Appellant's argument reads:

> Appellant stated this is his petition for enlargement of time, but Judge Tesla ignored this issue and issued a dismissal of the Appellant's PCRA Petition. Appellant wished to claim Ms. Hurst as ineffective for the issues set forth herein as that would have been his first timely chance to do so.

Appellant's Brief at 16.

This issue is also waived. It is well-settled that issues not raised before the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). The Commonwealth agrees with waiver, stating that Appellant did not raise his enlargement of time issue until he filed his Rule 1925(b) concise statement. Commonwealth Brief at 21. The PCRA court addresses the crux of the waiver, stating:

> The [PCRA c]ourt did not consider the motion for enlargement of time because it never received the motion. It is [Appellant's] responsibility to file a written motion. Here, he did not.

PCRA Court Opinion, 9/17/20, at 11 (citation and footnote omitted).

Again, the record supports the PCRA court's assessment of the facts and procedural posture of this case. We further recognize that waiver notwithstanding, the PCRA court comprehensively addressed the third issue raised by Appellant in his Rule 1925(b) concise statement, in which Appellant

asked, "Did not the PCRA court err in granting PCRA counsel's Finley letter which failed to comport with legal standards governing withdrawal of representation in post-conviction proceedings?" Concise Statement of Errors, 9/6/20, at 1. The PCRA court cited the record and pertinent law in addressing this claim and explaining why it lacked merit. *See* PCRA Court Opinion, 9/17/20, at 1-14. Although Appellant has not preserved his issues for review, in the absence of waiver and coherent argument regarding the merits of the PCRA court's dismissal, we would adopt the PCRA court's reasoning as it is fully supported by the record and pertinent legal authority.

For all of the above reasons, Appellant is not entitled to relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2021